UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brian Farrington,                                                   Civil No. 09-1838 (DWF/TNL)

          Plaintiff,

v.                                                                  **ORDER AND MEMORANDUM**

Officer Steven Smith,

          Defendant.

---

Jill Clark, Esq., Jill Clark, PA, counsel for Plaintiff.

Lawrence J. Hayes, Jr., Esq., Assistant City Attorney, St. Paul City Attorney's Office, counsel for Defendant.

---

This matter is before the Court on Plaintiff Brian Farrington's ("Plaintiff") post-trial/post-judgment motions. The Court held a jury trial in this case on June 13, 2011 through June 17, 2011 and June 20, 2011. The Court submitted to the jury the issue of whether Defendant Officer Steven Smith ("Defendant") used excessive force on Plaintiff during the incident that occurred on June 25, 2006. The jury returned a verdict in favor of Defendant.

Plaintiff now moves for: (1) judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure; (2) a new trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure; and (3) an order to vacate, modify, or amend the judgment pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, consistent

with the pending motions before the Court.  Defendant opposes Plaintiff's post-verdict motions in all respects.

Based upon the presentations of the parties, the Court having reviewed the record and proceedings in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Brian Farrington's post-trial/post-judgment motions (Doc. No. [146]) are respectfully **DENIED**.

Dated:  November 4, 2011              s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge

## MEMORANDUM

**Introduction**

The following statement entitled "Joint Statement of the Case" was submitted by the parties to the jury three times:  during jury selection, during the preliminary instructions of the Court, and in the final instructions of the Court.  This Joint Statement, which summarizes the position of the parties, is part of the record and reads as follows:

> On June 25, 2006, Plaintiff Brian Farrington was attending a party at an apartment in St. Paul, Minnesota.  Police arrived in response to a noise call and Brian Farrington went out to talk to them.  Police alleged that Brian Farrington spit on the sidewalk and put him in the back of a squad car.  Plaintiff alleges in this lawsuit that a short time later, Defendant Steven Smith, a St. Paul Police Officer, opened the squad car and intentionally

struck Plaintiff Farrington on the head with a flashlight. Plaintiff is suing for excessive force.

Defendant Officer Steven Smith denies Plaintiff's allegations alleging excessive force and/or other inappropriate conduct and specifically asserts that the force that he used on June 25, 2006 was reasonably necessary under the circumstances.

### I.   Plaintiff's Motion for Judgment as a Matter of Law Pursuant to Rule 50 of the Federal Rules of Civil Procedure

Plaintiff's first post-trial motion asserts that the Court should enter judgment as a matter of law in Plaintiff's favor, pursuant to Rule 50 of the Federal Rules of Civil Procedure, "because even if what Officer Smith said was believed by the jury, the force was still excessive." The Court disagrees.

First of all, as observed by Defendant, the Court notes that Plaintiff did not make a Rule 50 motion for judgment as a matter of law prior to the submission of the case to the jury, as contemplated and required by Rule 50. Consequently, a litigant who fails to move for judgment as a matter of law at the close of the evidence cannot later argue–either in a post-trial Rule 50 motion or on appeal–that there is not a legally sufficient evidentiary basis for the jury's verdict on the issue in question. *Jackson v. City of St. Louis*, 220 F.3d 894, 896 (8th Cir. 2000) (quoting *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 655 (8th Cir. 1995)). "[T]he purpose of requiring the moving party to articulate the ground on which [judgment as a matter of law] is sought 'is to give the other party an opportunity to cure the defects in proof that might otherwise preclude him from taking the case to the jury.'" *Walsh v. Nat'l Computer Sys., Inc.*, 332 F.3d 1150, 1158 (8th Cir.

3

2003) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998)) (citations omitted). "If specificity is lacking, judgment as a matter of law may neither be granted by the district court nor upheld on appeal unless that result is 'required to prevent manifest injustice.'" *Id.* at 1158 (quoting *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir. 1994)). Therefore, on procedural grounds alone, Plaintiff's motion for judgment as a matter of law must be denied.

However, even if the Court assumes, for the limited purpose of ruling on the motion before it, that Plaintiff's motion is procedurally appropriate, the Court would make the same decision: namely, that Plaintiff's motion fails on the merits. The Eighth Circuit has held that:

> [i]n ruling on a motion for [judgment as a matter of law], the district court must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence.

*Haynes v. Bee-Line Trucking Co.*, 80 F.3d 1235, 1238 (8th Cir. 1996). Close scrutiny of the record in this case establishes that the jury had no difficulty in concluding that Defendant's version of the events on June 25, 2006 was essentially how things occurred with respect to the interaction between the officer and Plaintiff; the jury clearly rejected Plaintiff's version of the events. Moreover, irrespective of when Plaintiff made the motion, the Court respectfully disagrees with Plaintiff's contention that, even if

4

Defendant was believed by the jury, the force used was still excessive. The Court finds that there was a legally sufficient evidentiary basis for the jury to conclude that the force used by Defendant against Plaintiff was not excessive.

Consequently, the jury's conclusions are supported by the evidence that was presented in this case, and Plaintiff's motion fails on the merits. For these reasons, the Court denies Plaintiff's motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure.

**II.     Motion for a New Trial Pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure**

Plaintiff has asked for judgment as a matter of law on liability, with a new trial only on damages. In so moving, Plaintiff seeks a new trial due to the evidentiary rulings of the Court and the jury instructions given by the Court.

Of significant note, however, is that the portion of the instruction from Model Jury Instruction § 4.10 that Plaintiff finds most objectionable was not given by the Court. 8th Cir. Civil Jury Instr. § 4.10 (2011). Specifically, neither the statement referenced by Plaintiff's counsel at page 2 of her brief: "You must consider that police are often asked to make decisions in tense and rapidly evolving situations," nor the parenthetical statement in the current version of § 4.10: "You should keep in mind that the decision about how much force to use often must be made in circumstances that are tense, uncertain and rapidly changing," was given by the Court. While the Court does not concede that it would have been erroneous to give either instruction, the Court declined to

give any version of the phrase referenced above, as requested by Plaintiff during the jury instruction charge conference.  The record establishes that the Court honored this request in its final version of the instructions that went to the jury.  (Doc. No. 139.)  The Court reiterates that it does not concede that giving the instruction would have amounted to error, but notes simply that the Court declined to do so.

      The Court concludes that the modified Model Jury Instruction § 4.10 that it gave to the jury was consistent with *Graham v. Connor*, 490 U.S. 386, 104 L. Ed. 443, 109 S. Ct. 1865 (1985).

### A.   Evidentiary Rulings

      The Court stands by the rulings it made during the trial.  The Court permitted Plaintiff, and Defendant, to discuss what happened, as well as their respective states of mind, during the course of the evening of June 25, 2006 in order to assist the jury in understanding the context within which the interaction between Plaintiff and Defendant occurred.  The exchange between Plaintiff and Defendant did not occur in a vacuum, and both witnesses were permitted to testify consistent with their impressions of what they were dealing with and believing at the time.  The Court would suggest that all of their testimony was given with proper foundation and that any objection went to issues of weight and not to admissibility.  Furthermore, none of the testimony fell outside of Rule 701 of the Federal Rules of Evidence.

### B.     Defendant's Flashlight Testimony

The Court is somewhat perplexed by Plaintiff's contention that the flashlight testimony–namely that people, in his experience, who get hit with a flashlight can bleed a lot–was not disclosed.  First of all, the record in this case indicates that this was not newly discovered evidence or surprise testimony.  Secondly, irrespective of how the testimony is characterized, and as noted by Defendant, the transcript in the case reveals that Plaintiff did not make a specific objection to Defendant's testimony regarding his observations of previous flashlight encounters or strikes, as required by Rule 103 of the Federal Rules of Evidence.  T. Tr. Vol. IV at 177-79.  Moreover, notwithstanding the Court's response to the respective positions of the parties on the so-called flashlight evidence, the record establishes that the probative value of this evidence was not substantially outweighed by any unfair prejudice.  Whatever prejudice there was to Plaintiff was not only outweighed, but it was also not unfair.  Additionally, looking at the record as a whole in the context of the verdict, this evidence played little, if any, role in the decision-making of the jury, including its determinations on the key issue of credibility.  A review of the opening and closing remarks in this case reveals that the flashlight testimony was not an issue deemed significant by either party.  The Court acknowledges that, if a cumulative set of evidentiary errors and mistakes made during a trial deprives a party of a fair trial from a fair and impartial jury, the cumulative effect of even a minor mistake by the trial judge or opposing counsel may require a new trial.  Such is not the case on the record before the Court here.

### C.     Cell Phone Testimony:  Weaponization

Plaintiff asserts that Defendant's proposition that Plaintiff's cell phone was potentially weaponized amounted to rank speculation.  The Court disagrees.  The Court allowed Defendant to explain what happened and why.  Defendant testified that, once he observed the cell phone, he needed to rule out the possibility that it was weaponized in some manner.  Whether Defendant's belief was reasonable, and whether his actions were reasonable based upon that belief, were part and parcel of the credibility determination made by the jury in reaching its verdict.  The jury had a legally sufficient evidentiary basis to reach the verdict that it did and to find credible the testimony related to the cell phone as being potentially weaponized, as well as that regarding relevant officer training.

### D.     Evidentiary Issues Regarding Dr. Altafullah

Plaintiff also argues that "Defendant's tactics re Dr. Altafullah prejudiced Farrington."  The record establishes that, in a May 3, 2011 order, the Court ruled that Plaintiff would be permitted to call Dr. Altafullah to testify as his expert witness at trial if he wished and that neither party could inform the jury that Dr. Altafullah was originally retained and deposed by Defendant.  However, the order also specifically required that Plaintiff pay Dr. Altafullah's fee for testimony.  The Court issued a subsequent order on May 20, 2011, repeating that Plaintiff could call Dr. Altafullah to testify as an expert at trial, at Plaintiff's expense, on the condition, again, that neither party would inform the jury that Dr. Altafullah was originally retained and deposed by Defendant.  A short

statement by the Court of the chronology of events is necessary to provide context for what occurred here, given Plaintiff's allegations.

Defendant deposed Dr. Altafullah by videotape on March 14, 2011, which admittedly was done on the assumption that the case would proceed to trial as originally scheduled on April 1, 2011. Plaintiff informed the Court, on March 22, 2011, that his named expert, Dr. Lubit, had withdrawn as Plaintiff's expert, based upon a fee dispute. Defendant responded that, if indeed Plaintiff did not intend to call an expert, and in the absence of some foundational medical expert testimony, Defendant objected to the introduction of a complete set of medical records, medical bills, and wage loss evidence. Defendant further informed the Court that, if the Court were to accept and sustain Defendant's objection, then Defendant would not call or present the deposition testimony of Dr. Altafullah. Defendant ultimately did not call Dr. Altafullah or utilize his deposition in any way.

With respect to the record before the Court, there is no basis to conclude that Defendant prevented Plaintiff in any way from contacting Dr. Altafullah prior to trial, whether for the purpose of a follow-up deposition or otherwise. Nor did Defendant prevent Plaintiff from calling Dr. Altafullah as a trial witness, consistent with the two orders of the Court, which Defendant has referenced. There is no claim by Plaintiff, as far as the Court is aware, that Dr. Altafullah ever refused to talk with Plaintiff's counsel. Moreover, on June 9, 2011, at the pretrial conference in this matter, Plaintiff's counsel advised the Court that "the time for calling for Dr. Altafullah has passed," going on to

explain that Plaintiff could not afford to pay Dr. Altafullah's fee. Consequently, the Court concludes that there were no improper or other defense tactics used to deliberately manipulate a result in this case. There was no prejudice to Plaintiff as a result of Plaintiff's own decision not to depose, contact, or otherwise call Dr. Altafullah as a trial witness.

### E.   Shannon Hutton

Lastly, Plaintiff asserts that the Court erred by not permitting Plaintiff's witness, Shannon Hutton, to provide rebuttal testimony on a number of issues, including the issue of excessive use of force on the night of June 25, 2006. Tr. T. Vol. IV at 68-77. As pointed out by Defendant's counsel, Shannon Hutton was listed as a potential witness prior to trial with the following description of her testimony: "Interactions with Josie O'Connor on June 25." (*See* Doc. No. 151 at 10.) Ms. Hutton was never disclosed, directly or indirectly, as an expert witness. The substance of the testimony that Plaintiff now claims should have been allowed, however, would clearly amount to expert testimony. Moreover, to the extent any of the suggested rebuttal testimony would not be considered testimony of an undisclosed expert witness, there was no surprise testimony or undisclosed testimony allowed on behalf of Defendant, and there was no specific offer of proof in most of the areas about which Plaintiff now complains. Even if there been surprise testimony or undisclosed witness testimony by Defendant (though the Court maintains that the record belies the notion), most, if not all, of Ms. Hutton's proposed rebuttal testimony would still have been in the nature of undisclosed expert testimony.

Thus, even giving the benefit of the doubt to Plaintiff in one or more ways, and assuming foundation had been properly laid with an appropriate offer of proof pursuant to the Federal Rules of Evidence, a motion to present such testimony would have been denied by this Court. Viewing the entire record in context, including the testimony of Defendant, as well as that of Officer Storey, the Court concludes that there is no testimony or other evidence that could be appropriately classified as "new facts" or "undisclosed facts" as asserted by Plaintiff.

**Conclusion**

Plaintiff asserts that the Court committed numerous errors at trial and alleges that a number of the errors were caused by Defendant or Defendant's tactics, especially those revolving around the expert witness, Dr. Altafullah. With respect to Dr. Altafullah and Dr. Lubit, it may well be that financial considerations forced Plaintiff's counsel to try the case differently and that Plaintiff could not call his intended expert over a fee dispute. However, the record does not support Plaintiff's assertion that tactics by Defendant, followed by erroneous rulings by the Court, caused Plaintiff's decision not to depose or call Dr. Altafullah at trial and resulted in prejudice to Plaintiff. Experts rarely affect the outcome of a case when credibility is such a central issue, as it was before the jury in this case.

Whether the Court looks at each allegation of prejudice separately or cumulatively, even giving the benefit of the doubt to Plaintiff (which the Court is not required to do when considering post-verdict motions), Plaintiff received a fair trial from a fair and

impartial jury.  In finding for Defendant, the jury had a legal and factual basis to do so. While the Court has no doubt that Plaintiff believes that the events transpired the way he says they did on the evening in question, the jury had a decision to make that rested largely on its evaluation of the credibility of Plaintiff and Defendant's testimony in describing the events of June 25, 2006.  The jury made its credibility determinations and found for Defendant.

      For these reasons, the Court respectfully denies Plaintiff's motions.

D.W.F.